IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**DANIEL RYMAN,**                                         CV 05-1106-BR

       Plaintiff,                             **OPINION AND ORDER**

v.

**SEARS, ROEBUCK and COMPANY,**

       Defendant.

**DAVID J. KEITH D. KARNES**
Olsen, Olsen & Daines
1559 State Street
P.O. Box 12829
Salem, OR  97309-0829
(503) 362-9393

**JASON C. MCBRIDE**
Jackson Professional Building
145 Wilson Street S.
Salem, OR  97302-4232
(503) 362-8985

       Attorneys for Plaintiff

**JEAN OHMAN BACK**
**ELIZABETH A. SCHLEUNING**
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 S.W. Fifth Avenue, Suite 1900
Portland, OR  97204
(503) 222-9981

       Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Defendant's Rule 12(b)(6) Motion to Dismiss (#7) Plaintiff's Third Claim for wrongful discharge and that portion of Plaintiff's Fourth Claim in which Plaintiff asserts breach of contract.  For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

## BACKGROUND

Plaintiff Daniel Ryman was an employee of Defendant Sears, Roebuck and Company from June 7, 1990, to December 26, 2003.

On December 26, 2003, Plaintiff's car broke down on a public street outside of Defendant's parking lot.  Plaintiff asked his co-workers to help him push his car into the parking lot so it would not impede traffic on the street.

Defendant terminated Plaintiff's employment on December 26, 2003, on the ground that Plaintiff attended to personal matters while "on the clock" in violation of Defendant's Ethics Policy.

On July 15, 2005, Plaintiff filed a Complaint in this Court

in which Plaintiff alleged (1) Defendant's assessment of two "attendance points"[1] against Plaintiff on May 14, 2003, which resulted in Plaintiff's termination violated the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 (First Claim); (2) Defendant's assessment of two attendance points against Plaintiff on May 14, 2003, which resulted in Plaintiff's termination, violated Oregon Medical Leave Act (OMLA), Or. Rev. Stat. § 659A.150 (Second Claim); (3) Defendant wrongfully discharged Plaintiff for allegedly conducting personal business on company time (Third Claim); (4) Defendant's termination of Plaintiff for exceeding 12 attendance points constituted a breach of contract (part one of Fourth Claim); and (5) Defendant's termination of Plaintiff violated FMLA and OMLA (part two of Fourth Claim). On August 10, 2005, before Defendant filed a responsive pleading, Plaintiff filed an Amended Complaint in which he included additional facts to support his claims.

On August 24, 2005, Defendant filed its Rule 12(b)(6) Motion to Dismiss Plaintiff's Third Claim for wrongful discharge and part one of Plaintiff's Fourth Claim for breach of contract. In his response, Plaintiff conceded part one of his Fourth Claim for breach of contract should be dismissed. The Court, therefore,

---

[1] Defendant allows its employees to accumulate 12 attendance points a year. Defendant's policy states employees who accumulate more than 12 attendance points in one calendar year will be terminated.

3 - OPINION AND ORDER

dismisses that portion of Plaintiff's Fourth Claim in which he alleges breach of contract.

Accordingly, the Court need only address Plaintiff's Third Claim for wrongful discharge.

## **STANDARDS**

Dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim "is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004)(citation omitted). A court must limit its review to the contents of the complaint, take all allegations of material fact as true, and view the facts in the light most favorable to the nonmoving party. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998). When reviewing the sufficiency of the complaint, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *McGary*, 386 F.3d at 1261 (internal quotation and citation omitted).

In addition, if a court dismisses a claim pursuant to Rule 12(b)(6), the court must grant leave to amend unless the court determines the allegation of other facts consistent with the

operative pleading could not possibly cure the deficiency. *Schreiber Distrib. Co. v. Serv-Well Furn. Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). *See also Reddy v. Litton Indus.*, 912 F.2d 291 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991).

## **DISCUSSION**

Oregon follows the at-will-employment rule, which allows an employer to discharge an employee "at any time and for any reason, absent a contractual, statutory or constitutional requirement to the contrary." *Sheets v. F.E. Knight*, 308 Or. 220, 230 (1989), *abrogated on other grounds by McGanty v. Staudenrous*, 321 Or. 532 (1995).

The tort of wrongful discharge was established as a narrow exception to the employment at-will doctrine. *See Walsh v. Consol. Freightways, Inc.*, 278 Or. 347, 351-52 (1977). Oregon courts have identified two situations that give rise to this tort: (1) discharge for exercising a job-related right of important public interest and (2) discharge for complying with a public duty. *Sheets v. Knight*, 308 Or. at 230-31. "When bringing a claim for wrongful discharge, the plaintiff 'must establish a causal connection between a protected activity and the discharge.'" *Ransom v. HBE Corp.*, No. 01-36165, 2003 WL 21949158, at *1 (9th Cir. Aug. 13, 2003)(quoting *Estes v. Lewis and Clark Coll.*, 152 Or. App. 372, 954 P.2d 792, 796-97 (1998)).

5 - OPINION AND ORDER

In his First Amended Complaint, Plaintiff alleges "Defendant's actions in terminating Plaintiff for removing his vehicle from a public street to prevent a public hazard constitutes wrongful discharge."

Whether a public duty exists is a question of law. *Babick v. Oregon Arena Corp.*, 160 Or. App. 140, 980 P.2d 1147, 1150 (1999). The determination of the existence of a public duty "requires that [the court] *find* a public duty, not create one, using 'constitutional or statutory provisions or the case law of this or other jurisdictions.'" *Id.* (quoting *Banaitis v. Mitsubishi Bank, Ltd.*, 129 Or. App. 371, 879 P.2d 1288 (1995) (emphasis in original)). Courts have held public duties that may support wrongful-discharge claims include serving jury duty, reporting patient abuse at a nursing home, and refusing to sign a false report regarding a co-worker's work-related conduct. *See Nees v. Hocks*, 272 Or. 210, 536 P.2d 512 (1975). *See also McQuary v. Bel Air Convalescent Home, Inc.*, 69 Or. App. 107, 684 P.2d 21 (1983); *Delaney v. Taco time Int'l, Inc.*, 297 Or. 10, 681 P.2d 114 (1984).

To support Plaintiff's contention that removing his vehicle from a public street is the kind of public duty that would support a wrongful-discharge claim, Plaintiff cites Or. Rev. Stat. § 811.005. The statute provides "[n]one of the provisions of the vehicle code relieve a pedestrian from the duty to

exercise due care or relieve a driver from the duty to exercise due care concerning pedestrians."

Thus, the issue here is whether Plaintiff engaged in a public duty when he moved his car off of a public street. The statute Plaintiff cite, however, does not reference that kind of act. The duty imposed by Or. Rev. Stat. § 811.005 is "far too general to support [P]laintiff's 'public duty' theory," and the Court finds the general exhortation in Or. Rev. Stat § 811.05 regarding the exercise of due care by pedestrians and motorists with respect to pedestrians does not establish a public duty sufficient to support a claim for wrongful discharge under the circumstances of this case. *See Babick*, 333 Or. at 409-10. *See also Marshall v. May Trucking Co.*, No. CV 03-023-BR, 2004 WL 1050870 (D. Or. Apr. 6, 2004).

On this record, therefore, the Court concludes Plaintiff has failed to establish that he engaged in a public duty or that Defendant wrongfully discharged Plaintiff for engaging in a public duty. Accordingly, the Court dismisses Plaintiff's Third Claim.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Rule 12(b)(6) Motion to Dismiss (#7) and **DISMISSES** Plaintiff's Third Claim for wrongful discharge and part one of Plaintiff's Fourth

7 - OPINION AND ORDER

Claim in which Plaintiff asserts breach of contract.

The Court also **GRANTS** Plaintiff leave to file a Second Amended Complaint consistent with this Opinion and Order no later than November 15, 2005.

IT IS SO ORDERED.

DATED this 1st day of November, 2005.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

Ryman CV 05-1106 O&O.10-31-05.wpd