IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL RYMAN,                                           05-CV-1106-BR

       Plaintiff,                                 OPINION AND ORDER

v.

SEARS, ROEBUCK and COMPANY,

       Defendant.

KEITH D. KARNES
Olsen, Olsen & Daines
1559 State Street
P.O. Box 12829
Salem, OR  97309-0829
(503) 362-9393

JASON C. MCBRIDE
Jackson Professional Building
145 Wilson Street S.
Salem, OR  97302-4232
(503) 362-8985

       Attorneys for Plaintiff

1 - OPINION AND ORDER

**JEAN OHMAN BACK**
**ELIZABETH A. SCHLEUNING**
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 S.W. Fifth Avenue, Suite 1900
Portland, OR  97204
(503) 222-9981

      Attorneys for Defendant

**BROWN, Judge.**

      This matter comes before the Court on Defendant's Motion for Summary Judgment (#23) as to all of Plaintiff's claims and Plaintiff's Objection to evidence in support of Defendant's Motion for Summary Judgment (#33).

      On July 15, 2005, Plaintiff Daniel Ryman filed this action against his former employer, Defendant Sears, Roebuck and Company.  On November 15, 2005, Plaintiff filed a Second Amended Complaint in which he alleges three claims against Defendant: 1) violations of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*; 2) violations of the Oregon Family Leave Act (OFLA), Or. Rev. Stat. § 659A.150, *et seq.*; and 3) breach of an implied contract and the duty of good faith and fair dealing.

      For the following reasons, the Court **OVERRULES** Plaintiff's Objection, **GRANTS** Defendant's Motion for Summary Judgment, and **DISMISSES** this matter.

2 - OPINION AND ORDER

**FACTUAL BACKGROUND**

The following facts are undisputed unless otherwise noted and, if disputed, are stated in the light most favorable to Plaintiff.

Plaintiff began his employment with Defendant in January 1990. On June 7, 1990, Plaintiff signed an acknowledgment regarding his employment orientation indicating he was aware of Defendant's policies and procedures including those related to scheduled working hours, absences and tardiness, time-cards and time-clocks, breaks and meals, and personal conduct. Defendant's attendance policy includes a section on "recording and scheduling time." Plaintiff also understood the at-will nature of his employment.

**Defendant's Attendance Policy**

In 2003 Defendant had a points-driven, written attendance policy that allowed its employees, including Plaintiff, a maximum of 12 points per year assessed against an employee's attendance record. Plaintiff acknowledged he understood the attendance policy and the points assessed for various types of absences, including Defendant's policy that a "no show no call" resulted in four points. The points-driven attendance tracking form included disclosure language that indicated the policy did not create an employment contract or modify the employee's "at-will" employment status.

3 - OPINION AND ORDER

Defendant's written attendance policy also provided for removal of attendance points by the Store General Manager if it ultimately was determined that an employee had a valid excuse for an absence. Nina Sage and Michele Corrigan in Human Resources also had the authority to remove attendance points.

Defendant contends it also explained to all employees its unwritten policy that each employee was responsible for checking his own schedule and each employee was required to contact a manager or a Human Resources representative to obtain his schedule if he was unable to check it personally. Defendant alleges its unwritten policy was in place to deter the risk of fraud; *i.e.*, to prevent co-workers from vouching for each other. Plaintiff, however, disputes the existence of this unwritten policy and, in any event, asserts he was never informed it was unacceptable to obtain his schedule by contacting a co-worker.

## **Plaintiff's Absence on November 14, 2003**

Plaintiff missed work on November 14, 2003, because he was at home caring for his young child who had the croup. Plaintiff alleges this November 14, 2003, absence was protected leave under FMLA and OFLA.

Initially Defendant assessed Plaintiff two points for missing work on November 14, 2003. After Plaintiff informed Defendant that he missed work to care for his sick child, however, Defendant removed the November 14, 2003, points.

4 - OPINION AND ORDER

**<u>Plaintiff's Absence on November 17, 2003</u>**

Defendant assessed Plaintiff with four points for his absence from work on November 17, 2003, because he failed to show up or to call. Plaintiff, however, alleges he was home caring for his sick child on approved FMLA/OFLA leave immediately prior to November 17, 2003, and, thus, could not personally check his upcoming work schedule at the store before that date. Instead Plaintiff telephoned a co-worker to obtain his work schedule for the week, and the co-worker incorrectly informed Plaintiff that he was not scheduled to work on November 17, 2003.

After Plaintiff returned to work and explained to Sage that his absence was due to a co-worker's mistake, Plaintiff asserts Sage promised she would remove the four points assessed against Plaintiff's attendance record for "no show no call" on November 17. Sage had the authority to remove the points, but she denies making the promise and, in fact, did not remove the four points from Plaintiff's attendance record.

Plaintiff was assessed a total of 14 points against his attendance record during 2003, two more than the 12 points permitted for the year. If Sage had removed the four points for the November 17, 2003, absence as Plaintiff alleges she promised to do, Plaintiff would not have exceeded the 12-point yearly maximum permitted.

5 - OPINION AND ORDER

### Plaintiff's Termination

On December 24, 2003, Plaintiff's manager gave Plaintiff a written warning for failing to clock in and out for the day as well as for failing to clock in and out for his meal break.

On the morning of December 26, 2003, Plaintiff clocked in at work and then left the store to push his disabled car into the parking lot.  Defendant contends Plaintiff left the store several times that day to attend to his car and was gone from the workplace for more than 1 1/2 hours.  Defendant contends Plaintiff's conduct constituted a violation of Defendant's policy regarding "recording and scheduling time"; specifically, Plaintiff violated Defendant's policy against an employee clocking in and then failing to report to work.  Plaintiff alleges he told a supervisor about his car being disabled in the street when he clocked in and asked the supervisor what to do about it.  According to Plaintiff, he did not receive any instruction from the supervisor and, therefore, did what he thought was right by leaving work to push the disabled car out of the street.  Plaintiff denies he left the store several times to tend to his car or that he was away from the workplace for more than 1 1/2 hours.

Defendant alleges it terminated Plaintiff on December 26, 2003, for violating Defendant's 12-point maximum yearly attendance policy as well as Defendant's timekeeping policy.

6 - OPINION AND ORDER

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE (#33)**

Plaintiff objects to the admissibility under Fed. R. Evid. 1002, "Best Evidence Rule," of certain paragraphs in the Affidavits of Nina Sage, Michelle Corrigan, Chris Godfrey, and Jonathon Morrison submitted by Defendant in support of its Motion for Summary Judgment. The portions of the Affidavits at issue relate to establishing Defendant had an unwritten policy that an employee must speak to his manager or a Human Resources representative if he chooses to call the store rather than appear in person to obtain his work schedule. Under this policy, an employee will not be excused if he is absent from work because he relied on incorrect schedule information provided by someone other than a manager or a Human Resources representative.

Defendant argues Plaintiff's objections should be overruled on procedural grounds because Plaintiff should have made those objections in a motion to strike pursuant to Fed. R. Civ. P. 12(f). Contrary to Defendant's assertion, however, Rule 12(f) does not require a party to file a motion to strike in order to object to evidence submitted in support of a motion for summary judgment. In fact, the most efficient and effective method would be for the party to include such an objection in his response or reply rather than submitting a separate motion to strike.

Defendant also contends Plaintiff's objections should be overruled on substantive grounds because Fed. R. Evid. 1002 does

7 - OPINION AND ORDER

not preclude the admissibility of the content of the Affidavits, which refers to unwritten directions, instructions, and procedures that Defendant provided to its employees.

Fed. R. Evid. 1002 provides:

> To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress.

In other words, "when the contents of a writing are at issue, the original writing is required-and implicitly, that extrinsic evidence may be disallowed." *U.S. v. Mayans*, 17 F.3d 1174, 1185 (9th Cir. 1994).

Rule 1002 applies when secondary evidence, either oral or written, is offered to prove the content of a writing; *i.e.*, when "a witness seeks to testify about the contents of a writing, recording or photograph without producing the physical item itself, particularly when the witness was not privy to the events those contents describe." *United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004). The purpose of Rule 1002 is to prevent inaccuracy and fraud when attempting to prove the contents of a writing. *United States v. Ross,* 33 F.3d 1507, 1513 (11th Cir. 1994).

Here Plaintiff objects to Affidavits offered to establish Defendant's unwritten policy or procedure. Rule 1002 does not apply because Defendant is not attempting to prove the content of

8 - OPINION AND ORDER

a writing.

Accordingly, for purposes of Defendant's Motion for Summary Judgment, the Court overrules Plaintiff's Objections to the Affidavits.

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#23)

Plaintiff alleges Defendant violated Plaintiff's rights under FMLA and OFLA when Defendant assessed points against Plaintiff's attendance record for his absences on November 14 and November 17, 2003. Plaintiff, even though he was an at-will employee, also alleges an implied employment contract was created when Nina Sage, one of Defendant's Human Resources representatives, promised to remove the points assessed against Plaintiff's attendance record for his absence on November 17, 2003. Plaintiff asserts Defendant breached this implied contract and its duty of good faith and fair dealing when Sage reneged on her promise and did not remove the November 17, 2003, points from his attendance record.

Defendant, in turn, asserts it properly applied its point-assessing policy against Plaintiff's attendance record and terminated Plaintiff for reasons unrelated to Plaintiff's rights under FMLA and OFLA; *i.e.*, for violating Defendant's attendance policy and Defendant's timekeeping policy. Defendant also contends Sage's alleged promise did not alter Plaintiff's at-will

9 - OPINION AND ORDER

employment status, and, therefore, no implied contract existed between Plaintiff and Defendant nor did Defendant's termination of Plaintiff breach any duty of good faith and fair dealing. Accordingly, Defendant moves for summary judgment as to all of Plaintiff's claims, including Plaintiff's request for punitive and emotional-distress damages pursuant to FMLA and OFLA.

## Standards

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id*. "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. West Fin.*, 381 F.3d 948 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v.*

10 - OPINION AND ORDER

*Carpenters Local Union No. 1936*, 680 F.2d 594, 598 (9th Cir. 1982)).

The substantive law governing a claim or a defense determines whether a fact is material. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

## Discussion

**1. Plaintiff's November 14, 2003, Absence**

Plaintiff alleges Defendant violated FMLA and OFLA when it assessed two points against Plaintiff for his absence on November 14, 2003, to care for his sick child. The record reflects Defendant initially assessed two points against Plaintiff's attendance record for his November 14, 2003, absence, but Defendant removed the points after learning about the reason for Plaintiff's absence.

Accordingly, Plaintiff's FMLA and OFLA claims as to Defendant's assessment of two points against Plaintiff's attendance record for his November 14, 2003, absence are denied as moot.

11 - OPINION AND ORDER

**2. Plaintiff's November 17, 2003, Absence**

  **a. FMLA**

FMLA entitles an employee to 12 weeks of leave during any 12-month period for the purpose of caring for a spouse, child, or parent with a "serious health condition" or because the employee's own "serious health condition" prevents him from performing his job. 29 U.S.C. § 2612(a)(1). A "serious health condition" under FMLA is "an illness, injury, impairment, or physical or mental condition that involves either inpatient care in a hospital, hospice, or residential medical care facility or continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

Plaintiff contends Defendant retaliated against and interfered with Plaintiff's right to leave under FMLA when Defendant assessed four points against Plaintiff's attendance record because Plaintiff failed to call in or to show up for work on November 17, 2003. Plaintiff asserts he was on approved leave up to that date to care for his young child who had the croup and, therefore, was unable to check his upcoming work schedule in person before November 17.

Defendant, however, argues it could not have violated Plaintiff's rights under FMLA, regardless of Plaintiff's "excuse," because he was not on FMLA leave prior to November 17, 2003. In particular, Defendant notes there is nothing in the

12 - OPINION AND ORDER

record to indicate Plaintiff's child had a "serious health condition." Plaintiff merely asserts his young son developed croup and Plaintiff needed to take care of him, but Plaintiff has not provided any evidence such as a doctor's note or other medical documentation to show that his child's croup constituted a "serious health condition."

Based on this record, the Court concludes Plaintiff has not satisfied his initial burden to show that he was on approved FMLA leave prior to Defendant assessing him four points against Plaintiff's attendance record for his November 17 absence. Accordingly, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's FMLA claim.

    **b.    OFLA**

Plaintiff alleges Defendant violated OFLA when it retaliated against Plaintiff and interfered with his rights under OFLA by assessing points against Plaintiff's attendance record for his absence on November 17, 2003. Defendant, however, contends Plaintiff has not met his burden to show OFLA provides him any protection for his absence on November 17, 2003, and that OFLA does not provide for claims of interference and retaliation.

It is undisputed that Plaintiff was on OFLA protected leave immediately prior to his November 17, 2003, absence, because unlike FMLA, under Or. Rev. Stat. § 659A.159(d), family leave may be taken to care for a child who is suffering from an illness,

13 - OPINION AND ORDER

injury, or condition that is not a serious health condition but that requires home care.  As noted, Defendant ultimately did not assess points against Plaintiff's attendance record for his absence on November 14, 2003, and assessed four points against Plaintiff's attendance record only after Plaintiff's failure to return to work on November 17, 2003, as scheduled.  Or. Rev. Stat. § 659A.183 provides, "A covered employer who denies family leave to an eligible employee in the manner required by ORS 659A.150 to 659A.186 commits an unlawful employment practice."  In other words, the only cause of action against employers authorized by the Oregon Legislature under OFLA arises from an employer's denial of an eligible employee's family-leave request.

Plaintiff argues this Court should follow the September 2004 Oregon Court of Appeals decision in *Yeager v. Providence Health System Oregon* in which the court held Oregon law provides a civil remedy for employees discharged in retaliation for pursuing rights under OFLA.  195 Or. App. 134, 138-39 (2004).  Under *Yeager*, Plaintiff asserts he has an actionable claim on the basis that Defendant retaliated against him for taking authorized leave under OFLA by assessing points against his attendance record for his absence on November 17, 2003.

Notwithstanding *Yeager*, many judges in this Court have reached the opposite conclusion as to whether retaliation claims are cognizable under OFLA.  *See, e.g., Cameron v. T-Mobile*,

14 - OPINION AND ORDER

No. CV-04-272-KI, 2005 WL 1106370 (D. Or. Apr. 28, 2005)(King, J.); *Stewart v. Sears, Roebuck and Co.*, No. CV 04-428-HU (Supple. Findings and Recommendation issued Apr. 5, 2005, *adopted* (Jun. 29, 2005)(Mosman, J.); *Jacoban v. Fred Meyer Stores, Inc.*, No. CV-02-1550-BR, Opin. and Order issued Oct. 16, 2003)(Brown, J.). Although federal courts are required to follow decisions by the Oregon Supreme Court, they are not required to follow the opinions of intermediate appellate courts. *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001). The Oregon Supreme Court has yet to address this issue. This Court, therefore, adopts the reasoning that prevails in this Court: *i.e.*, the only cause of action authorized by the Oregon Legislature under OFLA arises from an employer's denial of an employee's leave request.

Based on this record, the Court concludes Defendant did not violate Plaintiff's rights under OFLA. Accordingly, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's OFLA claim.

  **c. Implied Contract/Promissory Estoppel**

    (1) <u>Implied Contract</u>

Plaintiff argues Defendant modified Plaintiff's at-will employment and created an implied employment contract when Sage, one of Defendant's Human Resources representatives, promised to remove the four attendance points assessed against Plaintiff's

15 - OPINION AND ORDER

attendance record for his absence on November 17, 2003. Plaintiff contends Defendant breached that implied contract when Sage failed to actually remove those points.

The general rule in the State of Oregon is that employment contracts are at-will unless otherwise modified. *Butler v. Portland Gen. Elec. Co.*, 748 F. Supp. 783, 792 (D. Or. 1990). Absent a contractual, statutory, or constitutional requirement, an employer may discharge an employee at any time and for any reason. *Koepping v. Tri-County Metropolitan Transp. Dist. of Oregon*, 120 F.3d 998, 1002 (9th Cir. 1997). Oral promises may support a claim for breach of contract. *Butler*, 748 F. Supp. at 792. Oregon subscribes to the objective theory of contract interpretation, which requires a court to look at the parties' communications and overt acts rather than their subjective understandings. *Koepping*, 120 F.3d at 1002.

Here Plaintiff admits to being employed by Defendant as an at-will employee. Plaintiff has not proffered any evidence to suggest he and Defendant agreed to modify his at-will status. Even if the Court found Sage promised to remove the four points assessed against Plaintiff's attendance record for the November 17, 2003, absence, it would not change Plaintiff's at-will employment status because there was not a communication or overt act to indicate Defendant was altering Plaintiff's at-will employment status to a "for cause" employment contract.

16 - OPINION AND ORDER

(2) <u>Promissory Estoppel</u>

Plaintiff also alleges he relied on Sage's promise to his detriment. Although Plaintiff does not refer to promissory estoppel by name, he argues the principles of promissory estoppel to support his position that he did not pursue other means to have the points assessed for his November 17, 2003, absence removed after Sage's promise.

In Oregon, promissory estoppel is a substitute for consideration rather than an independent cause of action. Promissory estoppel is a basis for enforcing a promise as a contract despite a lack of consideration when the promisee has relied on the promise to his detriment. *Natkin & Co. v. H.D. Fowler Co.*, 128 Or. App. 311, 314 (1994). In *Bixler v. First National Bank*, the court described the elements of promissory estoppel as "(1) a promise, (2) which the promisor, as a reasonable person, could foresee would induce conduct of the kind which occurred, (3) actual reliance on the promise, (4) resulting in a substantial change in position." 49 Or. App. 195, 199-200 (1980). A party who asserts estoppel must have relied on the promise to his detriment, which may, but need not, involve a benefit actually lost. *Employment Div., Dep't of Human Res. v. Western Graphics Corp.*, 76 Or. App. 608, 613 (1985).

17 - OPINION AND ORDER

Under Defendant's written attendance policy, "[t]he Store Manager has the discretion to excuse an absence or tardy if he or she determines the absence/tardy was caused by an extraordinary event . . . ."  It is undisputed that Sage, as a Human Resources representative, also had the authority to remove the assessed points.  Plaintiff, however, does not provide evidence that he would have taken the issue to the Store Manager if Sage had not made the promise nor does the record indicate the Store Manager would have removed the points if Plaintiff had made the request.  Thus, Plaintiff fails to establish that Sage's alleged promise induced any particular conduct to the detriment of Plaintiff or that Sage's alleged promise resulted in "a substantial change in Plaintiff's position."  The Court, therefore, concludes Plaintiff has not satisfied the elements necessary to establish promissory estoppel.

Accordingly, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's implied-contract claim.

### d. Good Faith and Fair Dealing

In conjunction with his claim that Defendant breached an implied contract, Plaintiff alleges Defendant breached its duty of good faith and fair dealing by failing to remove the points assessed against Plaintiff for his November 17, 2003, absence in light of Sage's promise.

18 - OPINION AND ORDER

The duty of good faith and fair dealing, however, does not apply to the right to terminate at-will employment contracts. *Mobley v. Manheim Servs.* Corp., 133 Or. App. 89, 94 (1995). Absent an implied contract, the Court concludes Plaintiff's claim that Defendant breached its duty of good faith and fair dealing fails.

3.   **FMLA/OFLA, Punitive, and Emotional-Distress Damages**

In light of the Court's conclusion that Defendant is entitled to summary judgment as to all of Plaintiff's claims, the Court finds Plaintiff's request for damages is moot.

### CONCLUSION

For these reasons, the Court **OVERRULES** Plaintiff's Objections (#33), **GRANTS** Defendant's Motion for Summary Judgment (#23), and **DISMISSES** this matter.[1]

IT IS SO ORDERED.

DATED this 19th day of June, 2006.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

---

[1] In view of this Opinion and Order, the Court finds it unnecessary to reach Defendant's alternative justification for terminating Plaintiff for his alleged violation of Defendant's timekeeping policy.

19 - OPINION AND ORDER